Jeremy C. Lieb
Ian S. Dooley
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org
E: idooley@earthjustice.org

Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs Center for Biological Diversity et al.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT *et al.*, <br><br> *Defendants*, <br><br> CONOCOPHILLIPS ALASKA, INC., <br><br> *Intervenor-Defendant.* | Case No. 3:20-cv-00308-SLG |

**PLAINTIFFS' RULE 62(d) MOTION FOR INJUNCTION PENDING APPEAL**

Pursuant to Rule 62(d) of the Federal Rules of Civil Procedure, Plaintiffs move for an injunction pending appeal of the Court's order denying Plaintiffs' motion for preliminary injunction. Doc. 43. The Bureau of Land Management (BLM) has issued permits necessary for ConocoPhillips Alaska, Inc. (ConocoPhillips) to proceed with construction of the Willow Master Development Plan ("Willow Project" or "Project") and ConocoPhillips has indicated that it could begin ice road construction as early as February 2, 2021, and that it plans to break ground at the mine site on February 12, 2021. Doc. 31-4 at 8, ¶12. An injunction pending appeal is necessary to maintain the status quo and to preserve the possibility for Plaintiffs to obtain effective and complete relief. Plaintiffs request that the Court enjoin implementation of Defendants' approval of the Willow Project, including authorization of construction activities planned for this winter, while the appeal is pending. In the alternative, Plaintiffs request that the Court grant a short-term injunction, until February 26, 2021, to preserve the status quo while Plaintiffs seek an emergency injunction from the Ninth Circuit Court of Appeals.

The standard for an injunction pending appeal is similar to the standard for issuance of a preliminary injunction. *See Se. Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006). However, even when a district court denies a request for preliminary injunction, the same court may enter an injunction pending appeal given the importance of preserving the status quo when the plaintiffs have raised serious legal questions and will suffer irreparable harm without injunctive relief while the matter is pending on appeal. *See Conservation Cong. v. U.S. Forest Serv.*,

803 F. Supp. 2d 1126, 1134 (E.D. Cal. 2011) (denying an injunction pending appeal in a case challenging a timber sale, but "because of the potential for irreparable harm," granting plaintiff a limited injunction of 10 days to seek a stay from the Ninth Circuit); *W. Land Exch. Project v. Dombeck*, 47 F. Supp. 2d 1216, 1218-19 (D. Or. 1999) (denying injunction pending appeal, but ordering 60-day delay in land exchange to permit groups to move appellate court for an injunction pending appeal). An injunction pending appeal may be especially appropriate where the case presents matters of first impression. *See, e.g.*, *Peak Med. Okla. No. 5, Inc. v. Sebelius*, No. 10-CV-597-TCK-PJC, 2010 WL 4809319 at *2 (N.D. Okla. Nov. 18, 2010) (finding that matters of first impression raised on appeal weighed in favor of injunction pending appeal); *Sweeney v. Bond*, 519 F. Supp. 124, 132, 133 (E.D. Mo. 1981) (granting injunction pending appeal based upon "serious legal questions of first impression"). In *Schrader v. Idaho Department of Health and Welfare*, for example, the district court ruled against the plaintiff on the merits, but stayed the dissolution of its preliminary injunction pending appeal. 590 F. Supp. 554, 560 (D. Idaho 1984). The Ninth Circuit reversed on the merits, in favor of the plaintiff. 768 F.2d 1107 (9th Cir. 1985); *see also Bates v. Jones*, 958 F. Supp. 1446, 1471-72 (N.D. Cal. 1997) (granting stay where appeal raised "an issue of first impression in the Ninth Circuit"), *rev'd on the merits*, 131 F.3d 843 (9th Cir. 1997). Without the injunction pending appeal, the plaintiff would have been deprived of the relief to which she was entitled.

As Plaintiffs explained in their motion for preliminary injunction, Defendants violated the National Environmental Policy Act (NEPA) by failing to adequately disclose and analyze global greenhouse gas emissions from the Willow Project, making precisely the same unlawful choices that the Ninth Circuit Court of Appeals recently rejected in *Center for Biological Diversity v. Bernhardt*, 982 F.3d 723 (9th Cir. 2020), and by failing to consider reasonable alternatives to ConocoPhillips' proposal. Doc. 9 at 8-15. Plaintiffs have demonstrated that they will suffer irreparable harm from the construction of a permanent road in the Reserve, and from the blasting and other disturbance associated with ConocoPhillips' gravel mining. *Id.* at 16-22. These disturbances will cause immediate and long-term, irreparable harm to Plaintiffs and their members. *Id.*

The Court has not reached these issues; instead, it determined that the Naval Petroleum Reserves Production Act's (NPRPA) statute of limitations likely bars Plaintiffs' NEPA claims. Doc. 43 at 12-22. In so doing, the Court acknowledged, "[t]he Ninth Circuit has not addressed whether the NPRPA's judicial review provision applies solely to leasing [environmental impact statements (EIS)]—or whether it extends to EISs evaluating exploration or production projects." Doc. at 13-14. No other court has yet addressed this question either, and it is, therefore, a question of first impression. With respect for the Court's initial conclusions, Plaintiffs believe they are likely to prevail on their argument that the language of the statute, its statutory and regulatory context, and the Congress' overall purposes in enacting the provision support the conclusion that it applies only to an EIS considering whether or where to issue leases. This is true whether

*CBD et al. v. BLM et al.,*
Case No. 3:20-cv-00308-SLG 4

that EIS is broad and programmatic, like an EIS for a land management plan, or site-specific, like an EIS for a decision to hold a particular lease sale. In light of the direct language of the section, Plaintiffs have raised serious questions that support an injunction to permit the Ninth Circuit to address this question before irreparable harm occurs.

Respectfully submitted this 3rd day of February, 2021.

*s/ Jeremy Lieb*
Jeremy C. Lieb (Alaska Bar No. 1810088)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Ian S. Dooley (Alaska Bar No. 2006059)
EARTHJUSTICE

*Attorneys for Plaintiffs Center for Biological Diversity, Friends of the Earth, and Greenpeace, Inc.*

# CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

I certify that this document contains 887 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

Respectfully submitted this 3rd day of February, 2021.

<u>*s/ Jeremy Lieb*</u>
Jeremy Lieb