Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for ConocoPhillips Alaska, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants.<br><br>and<br><br>CONOCOPHILLIPS ALASKA, INC.,<br><br>Intervenor-Defendant. | No.: 3:20-cv-00308-SLG |

**CONOCOPHILLIPS' OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL**

On February 1, 2020, this Court issued a detailed order rejecting the motion for

preliminary injunction filed by Plaintiffs Center for Biological Diversity, et al.,

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG           1

("CBD").[1] The Court found that CBD had not even raised "serious questions" on its NEPA claims because it was "quite likely" that CBD had missed the deadline for filing such a claim.[2]

CBD now asks the Court for the same injunction pending appeal, or alternatively, for "a short-term injunction, until February 26, 2021, to preserve the status quo while Plaintiffs seek an emergency injunction from the Ninth Circuit Court of Appeals."[3] This relief is not appropriate under the facts of this case.

Motions for an injunction or stay pending appeal under Rule 62(d) are evaluated using a four-factor test: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[4] "There is substantial overlap between these and the factors governing preliminary injunctions; not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been

---

[1] ECF No. 43.

[2] *Id*. at 22.

[3] ECF No. 45 at 2.

[4] *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see also Nken v. Holder*, 556 U.S. 418, 434 (2009) (discussing four-factor test); *Matter of Martz*, No. 3:20-CV-00152-SLG, 2020 WL 7034319, at *2 (D. Alaska Nov. 30, 2020)

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG        2

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

conclusively determined."[5] The Ninth Circuit has emphasized that "'[t]he first two factors . . . are the most critical,' and the last two steps are reached '[o]nce an applicant satisfies the first two factors.'"[6] Ultimately, an injunction pending appeal is an exercise of judicial discretion; it is an extraordinary remedy and depends on the circumstances of the particular case.[7]

Here, CBD is not entitled to an injunction (short-term or otherwise) because it cannot show a likelihood of success on the merits. The Court correctly held that CBD has not met the lesser "serious questions" threshold as to its likelihood of success on its NEPA claims. CBD tries to lower the bar for "serious questions" by claiming this is an issue of first impression. But the Court here applied settled principles of statutory interpretation. Moreover, even if there were a lower bar to grant an injunction for issues of first impression (and there is not), the Court *already* candidly acknowledged the lack Ninth Circuit precedent when it concluded that CBD failed to meet the "serious questions" threshold. Tellingly, other than disagreeing with the Court's order, CBD puts

---

[5] *Nken*, 556 U.S. at 434 (citation omitted); *see also Feldman v. Ariz. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) ("The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction.").

[6] *Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (alterations in original) (citation omitted) (quoting *Nken*, 556 U.S. at 434, 435).

[7] *United States v. Mitchell*, 971 F.3d 993, 999 (9th Cir. 2020) (characterizing stay pending appeal as an "extraordinary remedy").

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG            3

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

forth no argument in its motion as to why any portion of the Court's 10-plus page, well-reasoned analysis of the statute of limitations was wrong. This falls short of "a substantial case for relief on the merits."[8] CBD is therefore not entitled to any injunctive relief for this reason alone.

CBD's stated desire to "preserve the status quo" does not change its obligation to meet the four-factor test for an injunction pending appeal. Moreover, CBD does *not* seek to *preserve* the status quo. "By seeking an injunction, applicants request that [a court] issue an order *altering* the legal status quo."[9] The "status quo" here is that the Bureau of Land Management ("BLM") has issued permits which are immediately effective and presumed valid, and ConocoPhillips Alaska, Inc. ("ConocoPhillips") has a right to begin construction this winter pursuant to those permits. ConocoPhillips has, in fact, now started work under those permits. Plaintiffs want to *change* the status quo with an injunction that would halt the effectiveness of BLM's permits, resulting in major operational and financial disruption to ConocoPhillips' work. CBD fails to establish a basis for the "extraordinary remedy" of a preliminary injunction.[10]

---

[8] *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

[9] *Nken,* 556 U.S. at 428–29 (quoting *Turner Broadcasting System, Inc. v. FCC,* 507 U.S. 1301, 1302 (1993) (Rehnquist, C.J., in chambers) (internal quotations marks omitted)).

[10] *Mitchell*, 971 F.3d at 999.

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG            4

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

Furthermore, even assuming CBD raised "serious questions" on the merits, CBD's request still fails on the second factor. CBD's burden is even "higher" with respect to that factor because CBD must show that "irreparable injury is the more probable or likely outcome."[11] But as explained in ConocoPhillips' Opposition to Motion for Preliminary Injunction[12] and supporting declarations and exhibits,[13] CBD presents nothing but layered speculation of harms to recreational interests from non-local members who have no connection to the construction area, unsubstantiated fears and speculation about subsistence impacts that are not supported by (or are contradicted by) the record, and unrealistic concerns about the noise impact from 18 blasts at a mine 7 miles away. Irreparable injury is not the "more probable or likely outcome" in this case, and the request for an injunction pending appeal should be denied for that reason as well.

Finally, the equities clearly do not tip sharply (or at all) in CBD's favor for the reasons stated in ConocoPhillips' Opposition to Motion for Preliminary Injunction, and supporting declarations and exhibits. If CBD desired to have its request for injunctive relief heard by this Court *and* the Court of Appeals before construction started, it should not have delayed filing its complaint until December 21, 2021 (four months after notice of availability was published in the Federal Register and two months after the statute of

---

[11] *Leiva-Perez,* 640 F.3d at 968.

[12] ECF No. 28.

[13] ECF Nos. 28-1 – 28-17.

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG          5

limitations had expired), and it should not have delayed filing its motion for preliminary injunctive relief until Christmas Eve.[14] ConocoPhillips already delayed the start of its 2021 winter construction activities until February 2, 2021, to afford the parties in this case, and the related case, sufficient time to brief the issues and for the Court to issue a ruling. ConocoPhillips no longer has flexibility in the short winter construction season for any additional delay, and accordingly started construction of ice roads earlier this week. Any further delay, even a short-term one, would cause ConocoPhillips to lose its construction window for the year, resulting in financial loss and project delay.[15]

For all of these reasons, and those provided in ConocoPhillips' Opposition to Motion for Preliminary Injunction, CBD's request for an injunction pending appeal should be denied.

DATED: February 4, 2021.

        STOEL RIVES LLP

        By: */s/ Ryan P. Steen*
            Ryan P. Steen (Bar No. 0912084)
            Jason T. Morgan (Bar No. 1602010)
            James C. Feldman (Bar No. 1702003)

        Attorneys for ConocoPhillips Alaska, Inc.

---

[14] *Garcia v. Google, Inc.*, 786 F.3d 733, 746 (9th Cir. 2015) (delay of several months "undercut Garcia's claim of irreparable harm"); ECF No. 9.

[15] ECF No. 31 at 43; ECF No. 31-3 ¶ 24.

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG       6

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

# CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:20-cv-00308-SLG who are registered CM/ECF users will be served by the CM/ECF system.

| | |
|---|---|
| Jeremy C. Lieb | jlieb@earthjustice.org |
| Eric P. Jorgensen | ejorgensen@earthjustice.org |
| Ian S. Dooley | idooley@earthjustice.org |
| Caitlin Marie Cipicchio | ccipicchio@Enrd.usdoj.gov |
| Eric B. Fjelstad | efjelstad@perkinscoie.com |
| John Michael Ptacin | john.ptacin@alaska.gov |
| Stacey M. Bosshardt | sbosshardt@perkinscoie.com |

/s/ Ryan P. Steen
Ryan P. Steen

109693255.1 0028116-00159

*Center for Biological Diversity et al. v. Bureau of Land Management et al.*
Case No. 3:20-cv-00308-SLG     7