**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>  Defendants.<br><br>  and<br><br>CONOCOPHILLIPS ALASKA, INC.,<br><br>  Intervenor-Defendant. | Case No. 3:20-cv-00290-SLG |
| CENTER FOR BIOLOGICAL DIVERSITY, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>  Defendants,<br><br>  and<br><br>CONOCOPHILLIPS ALASKA, INC.,<br><br>  Intervenor-Defendant. | Case No. 3:20-cv-00308-SLG |

## ORDER RE MOTIONS FOR INJUNCTION PENDING APPEAL

Before the Court are SILA Plaintiffs' Motion for Injunction Pending Appeal[1] and CBD Plaintiffs' Rule 62(d) Motion for Injunction Pending Appeal.[2] Federal Defendants[3] and ConocoPhillips[4] responded in opposition.

## BACKGROUND

The Court detailed the background of this case in its Order Denying Motions for Preliminary Injunction and Temporary Restraining Order.[5] In short, SILA Plaintiffs and CBD Plaintiffs (collectively, "Plaintiffs") maintain that Federal Defendants unlawfully reviewed and approved ConocoPhillips Alaska, Inc.'s ("ConocoPhillips") Willow Master Development Plan ("Willow Project" or "Project") in the National Petroleum Reserve in Alaska ("NPR-A").[6] Both sets of Plaintiffs sought to enjoin ConocoPhillips from undertaking Willow Project construction

---

[1] Docket 46 (Case No. 3:20-cv-00290-SLG). SILA Plaintiffs seek to enjoin ConocoPhillips from engaging in "all construction activities related to Willow for 21 days so that emergency relief can be sought and ruled on by the Ninth Circuit Court of Appeals . . . ." Docket 46 at 3.

[2] Docket 45 (Case No. 3:20-cv-00308-SLG). CBD Plaintiffs seek an injunction for the duration of the appeal that enjoins all "on-the-ground activities" or, alternatively, a short-term injunction prohibiting all activity until February 26, 2021. Docket 45 at 2; Docket 45-1 at 1.

[3] Docket 50 (Case No. 3:20-cv-00308-SLG); Docket 50 (Case No. 3:20-cv-00290-SLG).

[4] Docket 51 (Case No. 3:20-cv-00308-SLG); Docket 51 (Case No. 3:20-cv-00290-SLG).

[5] Docket 44 (Case No. 3:20-cv-00290-SLG); Docket 43 (Case No. 3:20-cv-00308-SLG).

[6] *See* Docket 1 (Compl.) and Docket 36 (Am. Compl.) (Case No. 3:20-cv-00290-SLG); *see also* Docket 1 (Compl.) (Case No. 3:20-cv-00308-SLG).

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 2 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 2 of 11

activities scheduled to commence this winter ("Winter 2021 Construction Activities").[7]

On February 1, 2021, the Court denied Plaintiffs' motions seeking preliminary injunctive relief.[8] The Court reasoned that Plaintiffs' NEPA claims were likely time-barred by the NPRPA's judicial review provision.[9] The Court also found that SILA Plaintiffs had not established likely irreparable harm to the Southern Beaufort Sea polar bears as necessary for their ESA claim.[10] Accordingly, the Court concluded that Plaintiffs did not satisfy certain *Winter* requirements necessary to warrant preliminary injunctive relief.[11]

Plaintiffs each filed a Notice of Appeal to the Ninth Circuit Court of Appeals and now ask this Court for injunctive relief pending their appeals.[12]

---

[7] *See* Docket 17 (Case No. 3:20-cv-00290-SLG); Docket 9 (Case No. 3:20-cv-00308-SLG).

[8] Docket 44 (Case No. 3:20-cv-00290-SLG); Docket 43 (Case No. 3:20-cv-00308-SLG).

[9] Docket 44 at 12–22 (Case No. 3:20-cv-00290-SLG); Docket 43 at 12–22 (Case No. 3:20-cv-00308-SLG).

[10] Docket 44 at 22–27 (Case No. 3:20-cv-00290-SLG); Docket 43 at 22–27 (Case No. 3:20-cv-00308-SLG).

[11] Docket 44 at 21–22, 27, 28 (Case No. 3:20-cv-00290-SLG); Docket 43 at 21–22, 27, 28 (Case No. 3:20-cv-00308-SLG); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[12] Docket 45 (Notice of Appeal) and Docket 46 (Motion for Injunction Pending Appeal) (Case No. 3:20-cv-00290-SLG); Docket 44 (Notice of Appeal) and Docket 45 (Motion for Injunction Pending Appeal) (Case No. 3:20-cv-00308-SLG).

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 3 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 3 of 11

**LEGAL STANDARD**

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction."[13]

**DISCUSSION**

**I.  Injunction for the Duration of the Appeal**

CBD seeks an injunction for the duration of the appeal. For the reasons discussed in the Court's Order Denying Motions for Preliminary Injunction and Temporary Restraining Order, Plaintiffs have not demonstrated "a strong likelihood of success on appeal" or the existence of "serious legal questions."[14] As particularly relevant here, the Court concluded that the text of the judicial review provision and the entire 1980 rider to the NPRPA, the object and the policy of the statute, and the legislative history strongly indicate that Congress intended the judicial review provision to apply to claims like Plaintiffs' NEPA challenges against the Willow EIS. Accordingly, the Court denies CBD Plaintiffs' motion for injunction

---

[13] *Feldman v. Arizona Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983) and *Southeast Alaska Conservation Council v. U.S. Army Corps of Eng'rs*, 472 F.3d 1097, 1100 (9th Cir. 2006)); see also *Nken v. Holder*, 556 U.S. 418, 428–29 (2009) ("A stay pending appeal certainly has some functional overlap with an injunction, particularly a preliminary one. Both can have the practical effect of preventing some action before the legality of that action has been conclusively determined. But a stay achieves this result by temporarily suspending the source of authority to act—the order or judgment in question—not by directing an actor's conduct. A stay 'simply suspend[s] judicial alteration of the status quo,' while injunctive relief 'grants judicial intervention that has been withheld by lower courts.'") (quoting *Ohio Citizens for Responsible Energy, Inc. v. NRC*, 479 U.S. 1312, 1313 (1986) (SCALIA, J., in chambers)).

[14] *Leiva-Perez v. Holder*, 640 F.3d 962, 966–68 (9th Cir. 2011) (quotation marks omitted).

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 4 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 4 of 11

pending appeal to the extent that it seeks to enjoin the entire Winter 2021 Construction Activities at Willow for the duration of the pending appeal.

## II. Limited Injunctive Relief to Seek Emergency Relief from the Ninth Circuit

The Court recognizes that the question of how to apply the NPRPA's judicial review provision is a matter of first impression in the Ninth Circuit. Moreover, if Plaintiffs' NEPA claims are not time barred, CBD Plaintiffs' argument that Federal Defendants violated NEPA by failing to properly estimate global greenhouse gas emissions associated with the Willow Project could well be likely to succeed on the merits.[15] Accordingly, should the Ninth Circuit determine that CBD Plaintiffs have demonstrated serious legal questions concerning the NPRPA's judicial review provision, CBD Plaintiffs may be entitled to the injunctive relief they have been seeking, given the likelihood of irreparable harm to them that will be caused by the 2021 Winter Construction Activities, as discussed herein *infra.*

"Environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, *i.e.*, irreparable."[16] A plaintiff seeking injunctive relief pending appeal must show that

---

[15] Docket 9 at 8–11 (Case No. 3:20-cv-00308-SLG); *see also* Docket 1 at 26–27, ¶¶ 84–91 (Case No. 3:20-cv-00308-SLG) (Compl.); *see also Ctr. for Biological Diversity v. Bernhardt*, 982 F.3d 723 (9th Cir. 2020).

[16] *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 545 (1987).

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 5 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 5 of 11

they themselves will suffer irreparable harm absent an injunction.[17] And a plaintiff "must show that an irreparable injury is the more probable or likely outcome."[18]

ConocoPhillips plans to break ground at the Willow mine site on February 12, 2021, by blasting overburden and plans to begin gravel hauling and road construction on March 12, 2021.[19] CBD Plaintiffs assert that "[c]onstruction of a permanent road and associated industrial impacts will destroy the natural setting of the area and adversely affect opportunities for Plaintiffs' members' enjoyment of the region and nearby areas, as well as their interest in wildlife protection."[20]

The Ninth Circuit has held this type of injury constitutes irreparable harm in similar contexts.[21] For example, in *Alliance for the Wild Rockies v. Cottrell*, the plaintiffs asserted that logging and road construction would "harm its members' ability to 'view, experience, and utilize' the areas in their undisturbed state."[22] The Court found that the plaintiffs satisfied the "likelihood of irreparable injury"

---

[17] *Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012) (citing *Nken*, 556 U.S. at 434–35).

[18] *Id.* (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)).

[19] Docket 31-4 at 5–8, ¶¶ 6, 8, 10, 12 (Decl. of James I. Brodie) (Case No. 3:20-cv-00308-SLG).

[20] Docket 9 at 19 (Case No. 3:20-cv-00308-SLG); *see, e.g.*, Docket 9-14 at 9-11, ¶¶ 22-24 (Decl. of Daniel Ritzman) (Case No. 3:20-cv-00308-SLG); Docket 9-15 at 6, ¶ 15 (Decl. of Jeffrey Scott Fair) (Case No. 3:20-cv-00308-SLG).

[21] *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, 886 F.3d 803, 822 (9th Cir. 2018) (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[22] *All. for the Wild Rockies*, 632 F.3d at 1135.

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 6 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 6 of 11

requirement articulated in *Winter*.[23]  Here, once ConocoPhillips begins blasting to remove the overburden at the mine site on February 12, 2021,[24] the landscape will be irreparably altered.[25]  The Court also finds that Rosemary Ahtuangaruak, a member of Plaintiff Friends of the Earth and resident of Nuiqsut, which is located approximately seven miles from the planned mine site, has demonstrated that she will be likely irreparably injured once the mining activities start.[26]  Ms. Ahtuangaruak states that she and others "hunt caribou where the mine is going to be located" and "[t]hat area, like the whole Willow Project area, is part of [their] traditional use areas."[27]  Even though Ms. Ahtuangaruak does not state specifically when she will visit the area where the mine or the gravel road are located, she lives, hunts, and harvests in the area.[28]  As soon as ConocoPhillips begins its blasting operations, Ms. Ahtuangaruak will immediately be deprived of her ability

---

[23] *Id.*

[24] Docket 31-4 at 5–8, ¶¶ 6, 8, 10, 12 (Decl. of James I. Brodie) (Case No. 3:20-cv-00308-SLG).

[25] The Court finds that Plaintiffs have not demonstrated that seasonal ice roads and pads are likely to irreparably harm the environment; accordingly, this order does not prohibit ice road and pad construction.

[26] Docket 9-13 at 1, ¶¶ 1, 3 (Decl. of Rosemary Ahtuangaruak) (Case No. 3:20-cv-00308-SLG).

[27] Docket 9-13 at 18–19, ¶ 36 (Decl. of Rosemary Ahtuangaruak) (Case No. 3:20-cv-00308-SLG).

[28] *See generally* Docket 9-13 (Decl. of Rosemary Ahtuangaruak) (Case No. 3:20-cv-00308-SLG).

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 7 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 7 of 11

to "view, experience, and utilize" the affected areas in their undisturbed state.[29] Accordingly, the Court finds that at least one of Plaintiffs' members will likely be irreparably injured absent immediate injunctive relief.

Other courts have entered limited short term injunctions pending appeal in similar circumstances. In *Western Land Exchange Project v. Dombeck*, the plaintiffs sought an injunction pending appeal to prevent the federal government from transferring public lands to a private logging company.[30] The court found that "an injunction pending appeal should not be granted because" the plaintiffs failed to meet three of the Rule 62(d) considerations.[31] But the court nonetheless enjoined the land transfer for 60 days, "given the nature of the environmental consequences which will result from the land exchange," so as to accord the plaintiffs the ability to seek relief from the Ninth Circuit.[32] Similarly, in *Conservation Congress v. United States Forest Service*, "the court conclude[d] that plaintiffs are not entitled to a Rule 62([d]) injunction pending appeal because they ha[d] not raised a serious legal question, nor that the balance of hardships or the public

---

[29] *All. for the Wild Rockies*, 632 F.3d at 1135.

[30] 47 F. Supp. 2d at 1217.

[31] *Id.* at 1218.

[32] *Id.* (stating that "Rule 62([d]) of the Federal Rules of Civil Procedure allows the court in its discretion to act in a reasonable manner after considering all of the factors discussed above").

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 8 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 8 of 11

interest tip[ped] sharply in their favor."[33] But "because of the potential for irreparable harm," the Court entered a limited injunction of ten days to allow the plaintiffs to seek relief from the Ninth Circuit.[34]

Similar circumstances are present here to warrant a brief and limited injunction. Notably, there is a strong likelihood of irreparable environmental consequences once blasting operations commence. Further, the interpretation of the NPRPA's judicial review provision is a matter of first impression. Although the Court remains confident in its reasoning, the Ninth Circuit may disagree. Accordingly, the Court will exercise its discretion by issuing a brief and limited injunction.[35]

//

//

//

//

---

[33] 803 F. Supp. 2d at 1134.

[34] *Id.*

[35] ConocoPhillips plans to break ground at the mine site on February 12, 2021. Docket 31-4 at 8, ¶ 12 (Decl. of James I. Brodie) (Case No. 3:20-cv-00308-SLG). Accordingly, this Court's limited two-week injunction should delay ConocoPhillips' construction activities by approximately one week, while giving Plaintiffs an opportunity to seek relief from the Ninth Circuit. That being said, the Court fully acknowledges the significant challenges in undertaking construction activities in the Arctic and the highly compressed time frame within which such activities must occur.

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 9 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 9 of 11

## CONCLUSION

In light of the foregoing, IT IS ORDERED that CBD Plaintiffs' Rule 62(d) Motion for Injunction Pending Appeal at Docket 45[36] is DENIED, insofar as the motion sought for injunctive relief for the duration of its appeal.

IT IS FURTHER ORDERED that SILA Plaintiffs'[37] and CBD Plaintiffs'[38] motions for an injunction pending appeal of brief duration is GRANTED as follows: IT IS ORDERED that:

1. ConocoPhillips is ENJOINED from breaking ground at the Willow Mine Site Area 2, including blasting, surface mining, or the use of other equipment to remove overburden or gravel;

2. ConocoPhillips is ENJOINED from carrying out any gravel road construction;

3. ConocoPhillips is *not* prohibited from constructing seasonal ice roads and pads;

4. This injunction is effective as of the date of this order and shall remain effective through **February 20, 2021,** or until the Ninth Circuit rules on

---

[36] Case No. 3:20-cv-00308-SLG.

[37] Docket 46 (Case No. 3:20-cv-00290-SLG).

[38] Docket 45 (Case No. 3:20-cv-00308-SLG).

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 10 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 10 of 11

any motions for an injunction pending appeal in that Court, whichever occurs first;

5. No bond or other security is required for this short term and limited injunction.

DATED this 6th day of February, 2021 at Anchorage, Alaska.

*s/ Sharon L Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00290-SLG, *Sovereign Iñupiat for a Living Arctic, et al. v. BLM, et al.*
Case No. 3:20-cv-00308-SLG, *Ctr. for Biological Diversity, et al. v. BLM, et al.*
Order re Motions for Injunction Pending Appeal
Page 11 of 11

Case 3:20-cv-00308-SLG   Document 53   Filed 02/06/21   Page 11 of 11