Jeremy C. Lieb
Erik Grafe
Ian S. Dooley
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org
E: egrafe@earthjustice.org
E: idooley@earthjustice.org

Eric P. Jorgensen
Layla A. Hughes
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org
E: lhughes@earthjustice.org

*Attorneys for Plaintiffs Center for Biological Diversity et al.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT *et al.*, <br><br> *Defendants*, <br><br> CONOCOPHILLIPS ALASKA, INC. *et al.*, <br><br> *Intervenor-Defendants*. | Case No. 3:20-cv-00308-SLG |

**APPLICATION FOR ATTORNEY'S FEES AND EXPENSES
UNDER 28 U.S.C. § 2412(d)**

Center for Biological Diversity and Friends of the Earth (Applicants) apply for an award of attorney's fees of $531,203.00 and expenses of $1,162.59 under Local Rule 54.2 and the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA).

EAJA provides that in a civil action against the United States a court shall award costs, fees, and expenses to eligible prevailing parties unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(a)(1); *id.* § 2412(d)(1)(A). Applicants qualify for attorney's fees under EAJA when: (1) the motion is timely; (2) Applicants are the prevailing parties; (3) Applicants are eligible under EAJA for recovering fees and costs; and (4) no exception to EAJA applies. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1167 (9th Cir. 2019). Applicants' fee request is reasonable, because their rates are reasonable and they only seek to recover for the hours necessarily expended on the litigation. The expenses sought are those reasonably incurred in the litigation.

### I. Applicants' motion is timely.

EAJA requires that a motion for attorney's fees and costs be filed "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment" is one that is "not appealable." *Id.* § (d)(2)(G). Defendants' deadline to appeal this Court's judgment entered on August 19, 2021, Doc. 123, was October 19, 2021. *See* Fed. R. App. P. 4(a)(1)(B), 26(a)(1). The Court's judgment became final on that date. This application is filed within 30 days of October 19, 2021, and is therefore timely.

## II. Applicants are prevailing parties.

A prevailing party is one who achieves a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)). Success "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" is sufficient. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks omitted).

Applicants are prevailing parties because they prevailed on claims they raised in their complaint and the Court ordered the relief they sought by vacating the Bureau of Land Management's (BLM) approval of the Willow Project under the National Environmental Policy Act and the U.S. Fish and Wildlife Service's (FWS) biological opinion under the Endangered Species Act, and remanding this action to the federal agencies. Doc. 122 at 109-110; Doc. 68 at 33.

## III. Applicants are eligible to receive an EAJA award.

Each of the Applicants is eligible for an award of fees under EAJA. When the complaint was filed, the groups had fewer than 500 full-time employees and were exempt from taxation under § 501(c)(3) of the Internal Revenue Code. *See* 28 U.S.C. § 2412(d)(2)(B); Exs. 1 & 2 (Applicants' declarations).

One of the plaintiffs in this case, Greenpeace, Inc., is not eligible for an award under EAJA. They do not join this application, and Applicants do not seek recovery for any fees or costs attributable exclusively to those Plaintiffs. *See* Ex. 3 at 2, ¶3 (Lieb

*CBD et al. v. BLM et al.,*
Case No. 3:20-cv-00308-SLG 2

Case 3:20-cv-00308-SLG   Document 124   Filed 11/18/21   Page 3 of 10

declaration).

## IV. Defendants cannot meet their burden of showing that an exception to EAJA applies.

Under EAJA, an award of fees to an eligible prevailing party is mandatory unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." *Abela v. Gustafson*, 888 F.2d 1258, 1261 (9th Cir. 1989) (quoting 28 U.S.C. § 2412(d)(1)(A)); *id.* at 1266 (describing the award as "mandatory" when no exception applies). It is the government's burden to show that one of these exceptions applies. *Ibrahim v. U.S. Dep't of Homeland Security*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc).

"Substantially justified" means that the government's position "is one that 'a reasonable person could think it correct, that is, [that the position] has a reasonable basis in law and fact.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, 566 n.2 (1988)). The court evaluates both the agency's underlying conduct and that of its attorneys during the litigation. *Id.* at 1168. "The test is an inclusive one; [the court] consider[s] whether the government's position 'as a whole' has 'a reasonable basis in both law and fact.'" *Id.* (quoting *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001)); *see* 28 U.S.C. § 2412(d)(2)(D). EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items." *Ibrahim*, 912 F.3d at 1169 (quoting *Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990)). It is not enough if some of the government's arguments "passed the straight face test." *Id.* at 1171.

The government's position was not substantially justified here because it was directly contrary to controlling Ninth Circuit precedent in *Center for Biological Diversity v. Bernhardt*, 982 F.3d 723 (9th Cir. 2020) (*CBD*).  BLM's EIS relied on analysis of greenhouse gas emissions that misrepresents global climate impacts and suffers from the same flaws rejected the court in *CBD*.  *See id. at* 736-740.  Similarly, the FWS's biological opinion included flaws functionally identical to the agency's analysis reversed by the Ninth Circuit in *CBD*—it relied on future, unspecified mitigation measures to conclude that the Willow Project will neither jeopardize the polar bear population nor adversely modify its designated critical habitat, and it fails to account for non-lethal take of polar bears in its incidental take statement.  *See id.* at 747-50.  This Court relied on *CBD* to hold that that BLM's EIS and FWS's biological opinion were unlawful.  Doc. 122 at 31 ("BLM's greenhouse gas emissions analysis suffers from the same flaws the Ninth Circuit identified in [*CBD*]."); *id.* at 100 ("In [*CBD*], the Ninth Circuit made clear that the [incidental take statement] itself must specify the mitigation measures.").  The Federal Defendants' position was, therefore, not substantially justified.

Because a case is treated as an inclusive whole and Plaintiffs' greenhouse gas and Endangered Species Act arguments were each independently outcome determinative, it is not necessary to examine if specific other arguments Federal Defendants made were reasonable.

## V. Applicants' fee request is reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. As explained below, Applicants seek fees only for hours reasonably expended, at reasonable hourly rates. The hours requested and the hourly rates are explained in detail in the declaration of Jeremy C. Lieb, attached as Exhibit 3, and are summarized as attachment A to that declaration.

### A. Some of Applicants' attorneys are entitled to enhanced rates.

EAJA establishes a maximum fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases. 28 U.S.C. § 2412(d)(2)(A); s*ee Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (prescribing method for calculating cost of living increases). The inflation-adjusted rates for the period of this litigation are $207.78 for 2020 and $213.74 for the first half of 2021. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited Nov. 17, 2021). A court may award a higher rate based on "a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The special factor provision

> refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of

foreign law or language.

*Pierce*, 487 U.S. at 572.

Environmental litigation is an identifiable practice specialty meriting enhanced fees. *See Nat. Res. Def. Council v. Winter*, 543 F.3d 1152, 1159-60 (9th Cir. 2008). Earthjustice, a nonprofit environmental law firm formerly known as the Sierra Club Legal Defense Fund (SCLDF), routinely obtains fee enhancements for its attorneys' special expertise in environmental litigation. *See, e.g.*, *Pollinator Stewardship Council v. U.S. EPA*, No. 13-72346, 2017 WL 3096105, at *2-*5 (9th Cir. June 27, 2017); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at *4-*8 (N.D. Cal. Aug. 13, 2010); *Portland Audubon Soc'y. v. Lujan*, 865 F. Supp. 1464, 1475-76 (D. Or. 1994); *Wash. Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1432-33 (W.D. Wash. 1989) ("the combination of substantive legal knowledge and litigation expertise possessed by . . . SCLDF attorneys is found almost exclusively in public interest law firms like the Legal Defense Fund"). In addition to the attorney having specialized skills required by the litigation, these skills must not be available elsewhere at the statutory rate. *Winter*, 543 F.3d at 1158.

This case required distinctive knowledge and specialized skills in the area of federal environmental litigation involving oil and gas development on federal land that the attorneys who represent the Applicants possess. The necessary skills and knowledge would not have been available elsewhere at the statutory rate. *See* Ex. 3 at 4-5, ¶12 (Lieb declaration). Therefore, Applicants seek reasonable enhanced rates based on the

*CBD et al. v. BLM et al.,*
Case No. 3:20-cv-00308-SLG  6

prevailing market rate for attorneys of equivalent specialization, skill, and experience. *See id.* at 5-8, ¶¶13-17, 20-21.

### B. Applicants' attorney's hours are reasonable.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Applicants seek fees for the time summarized in the declaration of counsel. *See* Ex. 3 at 3, ¶10 (Lieb declaration) & Attachment A. Applicants' counsel has made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *see* Ex. 3 at 2-3, ¶9 (Lieb declaration).

### C. Applicants' expenses are reasonable.

Applicants are also entitled to recover their costs and other expenses under EAJA. 28 U.S.C. § 2412(a)(1), (d)(1)(A). Recoverable expenses include those "ordinarily billed to a client," such as phone calls, postage, and attorney travel expenses. *Int'l Woodworkers of America, AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1986).

Applicants seek $1,162.59 in costs and expenses incurred in this litigation, described in Attachment B to the Lieb Declaration. Ex. 3, Attachment B. These reasonably expended costs include filing fees, Pacer charges, postage, and phone calls.

## CONCLUSION

For the foregoing reasons, Applicants respectfully request that the Court order Defendants to pay $531,203.00 in attorney's fees and $1,162.59 in other expenses.

Respectfully submitted this 18th day of November, 2021.

*s/ Jeremy Lieb*
Jeremy C. Lieb (Alaska Bar No. 1810088)
Erik Grafe (Alaska Bar No. 0804010)
Ian S. Dooley (Alaska Bar No. 2006059)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Layla A. Hughes (Alaska Bar No. 0312094)
EARTHJUSTICE

*Attorneys for Plaintiffs Center for Biological Diversity, Friends of the Earth, and Greenpeace, Inc.*

# CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

I certify that this document contains 1,793 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

Respectfully submitted this 18th day of November, 2021.

       *s/ Jeremy Lieb*
       Jeremy Lieb