Jeremy C. Lieb
Erik Grafe
Ian S. Dooley
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org
E: egrafe@earthjustice.org
E: idooley@earthjustice.org

Eric P. Jorgensen
Layla A. Hughes
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org
E: lhughes@earthjustice.org

*Attorneys for Plaintiffs Center for Biological Diversity et al.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT *et al.*, <br><br> *Defendants*, <br><br> CONOCOPHILLIPS ALASKA, INC. *et al.*, <br><br> *Intervenor-Defendants*. | Case No. 3:20-cv-00308-SLG |

## DECLARATION OF JEREMY C. LIEB

**Exhibit 3, page 1 of 8**

I, Jeremy C. Lieb, hereby declare as follows,

1. The facts set forth in this declaration are based on my personal knowledge and if called as a witness, I could and would competently testify thereto under oath. As to those matters that reflect an opinion, they reflect my personal opinion and judgment upon the matter.

2. I am an attorney in the Alaska office of Earthjustice. I represent the Plaintiffs in this case. I submit this declaration in support of the application for an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

3. Both applicants are organizations described in section 501(c)(3) of the Internal Revenue Code and have fewer than 500 employees, and are therefore eligible for fee recovery under EAJA. One of the Plaintiffs—Greenpeace, Inc.—is not eligible for fee recovery under EAJA.

4. This declaration addresses: (a) the time spent in prosecuting the case; (b) the professional qualifications and experience of the attorneys and staff; (c) the hourly rates and appropriateness of enhanced rates; and (d) the reasonable fees and expenses sought for these services under EAJA.

5. Earthjustice is a non-profit law firm that practices public interest environmental law exclusively. Earthjustice specializes in environmental litigation that sets important precedents regionally and nationally and that would not otherwise be brought by the private bar due to complexity, expertise, duration, or financial constraints.

6. Five attorneys devoted substantial time to this case: Myself, Eric Jorgensen, Layla Hughes, Erik Grafe, and Ian Dooley. I have eight years of experience, nearly all in either environmental law or as a judicial law clerk. Eric Jorgensen, Layla Hughes, and Erik Grafe have 38, 23, and 21 years of experience, respectively, mostly in environmental law. Ian Dooley has five years of experience, two of which are in environmental law. Other attorneys assisted with specific tasks, for which we are not seeking recovery of fees.

7. The litigation paralegal principally assigned to this case is Iris Korhonen-Penn, who has 21 years of experience as a litigation paralegal and a law degree from Finland. Sarah Saunders, who also assisted in this case; has 15 years of experience in litigation support. We are not seeking any recovery for general litigation support such as filing and document preparation, but we are seeking recovery for tasks in which they took roles that might otherwise have been performed by attorneys or other specialists. Specifically, they cite-checked briefs and worked with clients drafting standing declarations.

8. Everyone for whom we are seeking recovery kept detailed, contemporaneous time records from the inception of the case. We use a timekeeping application, which rounds our time to the tenth of an hour.

9. I have reviewed the time records for all Earthjustice staff who worked on this case. Using independent judgment, I have deleted hours that were excessive, inadequately explained, or otherwise inappropriate for billing. This included time spent

on the following, among other things: media; internal Earthjustice procedures; consultation with outside attorneys interested in the case; legal and factual research that was not ultimately productive; and time attributable exclusively to the Plaintiff not eligible for an award under EAJA.

10. The billable hours claimed are specified in detail for all Earthjustice timekeepers in Attachment A to this declaration. In my professional opinion, the hours specified were necessary to litigate this case and secure a favorable judgment. We spent time on the following: claim investigation; complaint; declarations to establish standing; case schedule negotiations; motion for preliminary injunction; motion for injunction pending appeal; interlocutory appeal in the Ninth Circuit; amended complaint; record review; scheduling motion; responding to motions to intervene; merits briefing; joint appendix; oral argument and preparation for oral argument; responding to the Federal Defendants' supplement of the record; legal and factual research needed to support each of these steps; and communication with clients throughout regarding case developments.

11. Earthjustice represents its clients pro bono. We ask our clients only to pay out-of-pocket litigation costs, such as filing fees, photocopying, delivery, and travel. Because we do not bill our clients for our time, our attorneys do not have established hourly billing rates.

12. As a general rule in Alaska, litigants like the Applicants here must rely on non-profit law firms like Earthjustice to bring cases of this type. These litigants are non-profit organizations that generally cannot afford to pay the attorney's fees charged by

private law firms, particularly those of specialists qualified to bring this type of case. That is true here. It is generally not possible to find attorneys who would take on these kinds of cases due to the experience required, the extensive commitment of time, and the risk of recovering no fees or only partial fees.

13. Most of the attorneys who worked on this case qualify for enhanced rates as environmental specialists under EAJA.

14. I am a senior associate attorney in Earthjustice's Alaska office. I received a J.D. from the University of Washington School of Law in 2013. During law school I served as an articles editor on the Washington Journal of Environmental Law and Policy and I represented clients in the Tulalip Tribal Courts as part of the University of Washington's Tribal Court Clinic. After law school, I served as a law clerk to Justice Craig Stowers for the Alaska Supreme Court, served as a law clerk to Judge Morgan Christen for the U.S. Court of Appeals for the Ninth Circuit, worked for a private law firm where my practice focused on civil litigation, including environmental and natural resources litigation, and served as a law clerk to Judge Salvador Mendoza Jr. for the U.S. District Court for the Eastern District of Washington. I have worked at Earthjustice since 2018. Applicants request a rate of $285 for my time.

15. Mr. Jorgensen was the managing attorney of Earthjustice's Alaska office for the period during which Applicants seek to recover fees. He received his J.D. from the University of Virginia Law School in 1983 and spent one year as law clerk to Chief Judge James R. Browning of the U.S. Court of Appeals for the Ninth Circuit. He then

worked for four years in the Washington, D.C. office of Earthjustice (known then as Sierra Club Legal Defense Fund). Since October 1988, he has worked in the Alaska office and was the managing attorney from 1990 until August 2021. Applicants request a rate of $400 for Mr. Jorgensen's time

16. Ms. Hughes is a contract attorney with Earthjustice. She received her J.D. from the Georgetown University Law Center in 1998. She then was a clerk for Judge Delissa Ridgeway of the U.S. Court of International Trade, an associate attorney at Steptoe & Johnson, a staff attorney at Conservation International, and joined Earthjustice's Juneau office as an associate attorney in 2003. In 2006, she became an associate attorney for the North Slope Borough, and from 2008-2012 she was the Arctic Oil and Gas Program Officer for World Wildlife Fund. Since then, she has been an independent consultant and contract attorney for various indigenous and conservation organizations. Since September 2019, she has worked for Earthjustice as a contract attorney. Applicants request a rate of $375 for Ms. Hughes's time.

17. Mr. Grafe is the deputy managing attorney for Earthjustice's Alaska office. He received a J.D. from the University of Virginia School of Law in 2000. Before joining Earthjustice, he worked as an associate attorney at Cleary Gottlieb Steen & Hamilton, as a staff attorney at MFY Legal Services, Inc., and as a law clerk to Judge Timothy Burgess for the U.S. District Court for the District of Alaska. Mr. Grafe joined Earthjustice as a staff attorney in 2007, and has been the deputy managing attorney since 2019. Applicants request a rate of $375 for Mr. Grafe.

18. Mr. Dooley is an associate attorney in Earthjustice's Alaska office. He received a J.D. from Brooklyn Law School in 2015. Before joining Earthjustice, he worked as a trial attorney for the Legal Aid Society in Bronx, New York, and as a consultant and legal observer for a human and indigenous rights organization in Guatemala. He joined Earthjustice in 2020. Applicants do not seek enhanced rates for Mr. Dooley. The EAJA statutory rate, adjusted for inflation, was $207.78 for 2020 and $213.74 for the first half of 2020. *See* Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. I rounded them to $210 for the whole case.

19. We seek reimbursement at the rate of $135 per hour for work completed by litigation paralegals Iris Korhonen-Penn and Sarah Saunders. This rate is supported by market rates in Anchorage for paralegals of their experience and expertise.

20. I believe these requested rates are reasonable based on my general litigation experience, my review of attorney's fee declarations in other cases, my research of current attorney rates in the Anchorage legal market, and based on my discussions with other Anchorage-based attorneys.

21. The reasonableness of these rates is also supported by the rates awarded by this Court in other cases, including *United Cook Inlet Drift Association et al. v. National Marine Fisheries Service et al.*, Case No. 3:13-cv-00104-TMB, and *Blakeslee v. Shaw Environmental and Infrastructure, Inc.*, Case No. 3:09-cv-00214-SLG. These rates are also supported by and consistent with declarations submitted in other cases that attest to

the market rates in Anchorage for experienced environmental specialists, including *Southeast Alaska Conservation Council et al. v. U.S. Forest Service et al.*, Case No. 1:19-cv-00006-SLG; and *Cook Inletkeeper et al. v. Raimondo et al.*, Case No. 3:19-cv-00238-SLG.

22. A summary of the requested fees with time necessarily spent and reasonable hourly rates is attached as Attachment A. The total fees are $531,203.00.

23. I have also reviewed our expenses in this case, which are set forth in Attachment B. I have verified that the items are correct, the services have been actually and necessarily performed, and the disbursements have been necessarily incurred in this action. The total expenses are $1,162.59.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of November, 2021.

                              *s/ Jeremy Lieb*
                              Jeremy C. Lieb